**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DOMICELLA CMIECH and
PETER CMIECH*,* h/w,

     Plaintiffs,

        v.

ELECTROLUX HOME PRODUCTS,
INC., ELECTROLUX NEW PRODUCTS
OF NORTH AMERICA, INC.,
ELECTROLUX, LOWE'S HOME
CENTERS, INC., and LOWE'S,

     Defendants.

CIVIL ACTION No. 3:07-CV-1495

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

In this case, the Plaintiffs seek remand because removal was not effected within thirty (30) days of receipt of the complaint through service or otherwise.  *See* 28 U.S.C. § 1446(b).  Because I find removal to have been timely, Plaintiff's motion will be denied.

## LEGAL STANDARD

On a motion to remand, the removing party bears the burden of establishing the propriety of removal.  *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991).  Furthermore, "removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand."  *Id.*

## BACKGROUND

Plaintiffs, residents of Pennsylvania, brought this personal injury suit against Defendant Electrolux Home Products, Inc. [hereinafter Elextrolux], a Delaware

corporation with a principal place of business in Georgia, and Defendant Lowe's Home Centers, Inc. [hereinafter Lowe's], a North Carolina Corporation with a principal place of business in North Carolina, in the Court of Common Pleas of Luzerne County on June 18, 2007. Plaintiffs' counsel represents that defense counsel agreed to accept service of the complaint and represented to Plaintiffs' counsel that they had authority to accept such service on behalf of both Defendants. (Mem. in Supp. of Pls.' Mot. to Remand, Doc. 4, at 1.) On June 21, 2007, Plaintiffs' counsel sent a copy of the time-stamped complaint to defense counsel via a cover letter, along with a form for an attorney's acceptance of service in accordance with Pennsylvania Rule of Civil Procedure 402(b). (*See* Ex. B to Doc. 3.) On June 29, 2007, the Sheriff's Department served the complaint on Defendant Lowe's Home Centers. (*See* Ex. F to Doc. 3-3.) Defendants admit that service on Lowe's on June 29, 2007 was effective. (*See* Mem. in Supp. of Response of Defs. in Opp'n to Pls.' Mot. to Remand, Doc. 8, at 2.) Although defense counsel represent that they had no authority to accept service for the Electrolux defendants, they acted as though service had been made. Indeed, by letter dated July 18, 2007, defense counsel confirmed a July 17, 2007 conversation with Plaintiffs' counsel, wherein defense counsel secured an understanding to extend, until August 10, 2007, the time for Electrolux and Lowe's to file and answer to the complaint. (*See* Ex. D to Doc. 3-3.) A further extension was sought on August 9, 2007, because general counsel of Electrolux was out on vacation until August 17, 2007. (*See* Ex. E to Doc. 3-3.) Both Defendants filed notice of removal on August 14, 2007. (*See* Doc. 1.)

Additionally, before the present case began, the Defendants were involved in a

related subrogation action filed by Allstate Insurance Company, and counsel in this case, who represent all Defendants, also represent all Defendants in the Allstate litigation. (Pls.' Mot. to Remand, Doc. 3 ¶¶ 3-4; Response of Defs. in Opp'n to Pls.' Mot. to Remand, Doc. 7 ¶¶ 3-4.)  Plaintiffs filed a motion to consolidate that action with the present one, and Defendants have agreed to consolidate.  (Pls. Mot. to Remand, Doc. 3, ¶ 4 n.1; *see also* Response of Defs. in Opp'n to Pls.' Mot. to Remand, Doc. 7 ¶ 4.)

## DISCUSSION

### I. When Is the Thirty-day Removal Period Triggered?

The removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

Interpreting this provision, the Supreme Court rejected the "mere receipt" rule that a number of courts had until then embraced and held instead that a defendant's time to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that time for filing notice of removal began to run when plaintiff formally served defendant, not at the earlier date when plaintiff faxed defendant a file-stamped "courtesy copy" of his recently filed complaint).  The Court reached this conclusion because "one becomes a

Case 3:07-cv-01495-ARC   Document 16   Filed 11/02/07   Page 4 of 12


party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 350.

Courts that followed the receipt rule reasoned that the words "after receipt ... through service *or otherwise*, of a copy of the initial pleading," meant that if a defendant had the complaint, formal service was not necessary to trigger the time period for removal. The Supreme Court, though, clarified that the language of § 1446(b) was changed from the original – which triggered the time limit "after commencement of a civil action or service of process, whichever is later" – because in some states service was effective upon a summons only, without a complaint, and a defendant's period for removal could have expired before the defendant had access to the complaint. *Id.* at 351-52. The change, the Court stated, was made so that defendants would not have to take steps to remove a suit before they knew what the case was about. *Id.* The Court stated, "[i]t would take a clearer statement than Congress has made to read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a change – to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.*, before one is subject to any court's authority." *Id.* at 356. A court may not exercise power over one who is named as a defendant "[i]n the absence of service of process (or waiver of service by the defendant)." *Id.* at 350.

*Murphy Brothers*, as courts have noted, "addresses when the thirty-day time period for removal begins, not the proper method for service." *Drain v. Accredited Home*

4

*Lenders, Inc.*, 219 Fed. Appx. 791, 796 (10th Cir. 2007).  The question of whether service, or waiver thereof, occurred remains a question of state law.  "It is not possible to state definitely in general terms the precise scope and effect of the word 'otherwise' in its context here because its proper application in particular situations will vary with state procedural requirements as to the method of effecting service of summons and time and place of filing the complaint."  *Murphy Bros.*, 526 U.S. at 353 (quoting *Potter v. McCauley*, 186 F. Supp. 146, 149 (D.C. Md. 1960)).

   *Potter* itself is factually similar to the case at hand.  There, because it was "not legally possible" for plaintiff, a Maryland resident, to personally serve defendant, a resident of the District of Columbia, plaintiff's counsel sent a letter to defense counsel, enclosing a copy of the complaint which had been filed, and "inquired whether the defendant would accept service or would the plaintiff be required to 'advertise,'" meaning, effect service by publication.  186 F. Supp. 146, 147 (D.C. Md. 1960).  There had been failed negotiations between the parties before the commencement of the suit, and after the mailing to defense counsel, "there were further conferences between opposing counsel but there was no acceptance by defendant's counsel of service, and no service or attempt thereof was ever made."  *Id.*  The defense counsel eventually entered an appearance in court, at the same time petitioning for removal, and the court held that it was at this time, no earlier, that the time period for petitioning for removal began to run.

   This disposition, and the Supreme Court's apparent approval of *Potter*'s reasoning, however, do not conclusively resolve Plaintiff's motion for remand.  The *Potter* decision was based on the plaintiff's failure to effect service in accordance with

state law, so I turn now to the law of Pennsylvania to determine whether there was

service of process, or waiver thereof, at least thirty (30) days before Defendants' August

14, 2007 notice of removal.


## II. When Was Defendant Elextrolux Served?

Under the Pennsylvania Rules of Civil Procedure, service of initial process may be

made in person, or alternately, "the defendant or his authorized agent may accept service

of original process by filing a separate document which shall be substantially in the [form

included in the rule]." Pa. R. Civ. P. 402(b).  Because there is no dispute that Defendant

Lowe's was served on June 29, 2007, its notice of removal is untimely.  The remaining

question is whether service on Defendant Elextrolux was effective at least thirty (30) days

before Defendants' August 14, 2007 notice of removal.

In addition to the methods of service described in Pennsylvania Rule of Civil

Procedure 402, Pennsylvania courts have recognized that "service of process may be

obtained through waiver or consent." *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa. Super.

Ct. 2004).  One can become party to a suit, waiving service of process, by voluntary

appearance. *Id.* "A defendant manifests an intent to submit to the court's jurisdiction

when the defendant takes 'some action (beyond merely entering a written appearance)

going to the merits of the case, which evidences an intent to forego objection to the

defective service." *Id.* (quoting *Cathcart v. Keene Indus. Insulation*, 471 A.2d 493, 499

(Pa. Super. Ct. 1984)).  For example, where a defendant filed and served interrogatories

on the plaintiff, answered a complaint by another party in the case, and filed a complaint

6

to join another party as an additional defendant, before filing preliminary objections to the service of process, the court found that the defendant "submitted to the jurisdiction of the court, thus waiving any objection to the failure to comply with" service of process. *O'Barto v. Glossers Stores, Inc.*, 324 A.2d 474, 475-76 (Pa. Super. Ct. 1974).   Similarly, in *Fleehr*, when the defense attorney went before the court and agreed to consolidate a related arbitration action with the plaintiff's case, the court held that "[c]ounsel's actions were taken on Appellant's behalf and must be seen as recognition of acceptance of the Fleehrs' complaint, for absent such there was nothing to consolidate."  857 A.2d at 685-86.

The instant case bears some similarity to *O'Barto* and *Fleehr*.  For instance, the record indicates that, like in *Fleehr*, defense counsel agreed to consolidate the present case with the subrogation action.  And as the *O'Barto* defendant filed and served interrogatories on the plaintiff, the defense counsel here communicated with plaintiffs' counsel regarding extensions of time, obtaining one extension and requestion a second only days before filing for removal.  (*See* E-mail from Melissa L. Yemma, Esq., Counsel for Defendants, to Joe Mayers, Counsel for Plaintiffs (Aug. 9, 2007) Ex. E to Doc. 3).

But, one factor the actions in *O'Barto* and *Fleehr* have in common is interaction with the court; whether by filing complaints or making appearances, defendants in the above cases acted in such a way as to submit themselves to the authority of the court.  In the instant case, counsel for Electrolux did not enter an appearance until only shortly before filing notice of removal.  Although defense counsel's behavior toward plaintiff's counsel may have evidenced some "intent to forego objection to the defective service,"

7

*see Fleehr*, 857 A.2d at 685, their behavior fell short of "submitt[ing] to the jurisdiction of the court, [and] thus [actually] waiving any [such] objection."  *See O'Barto*, 324 A.2d at 475-76.

Pennsylvania courts have held that a plaintiff demonstrates a lack of good faith effort at service if "[r]ather than take the necessary steps to effectuate service as required by the rules of court, Plaintiff sat idly by awaiting a response by Defendants as to whether they would accept service on behalf of Defendants," and that where plaintiff failed to make a good faith effort, "the rules of civil procedure should not be circumvented." *Eastland Food Mgmt., Inc. v. One Beacon Ins. Co.*, No. 2116 May Term 2002, Control 031357, 2005 WL 1648188, at *3 (Pa. Com. Pl. June 30. 2005).  Pennsylvania courts also have held that "[p]rocedural rules relating to service of process must be strictly followed because jurisdiction of the person of the defendant cannot be obtained unless proper service is made."  *Id.* (quoting *Beglin v. Stratton*, 816 A.2d 370, 373 (Pa. Commw. Ct. 2003)).

In light of the fact that Plaintiffs did not follow up when defense counsel never returned the form accepting service on behalf of Defendant Electrolux, and in light of the Supreme Court's holding in *Murphy Brothers* that mere receipt of the complaint, without service of process bringing a defendant within the authority of the court, there is insufficient activity to trigger the time limitation of § 1446(b), I conclude that Defendant Electrolux was not served until defense counsel finally accepted service on its behalf on August 7, 2007.  (*See* Doc. 7-3.)

**III. May Electrolux Remove?**

Defendants' notice of removal came after the time limit of § 1446(b) had run out for Defendant Lowe's, but less than thirty (30) days after Defendant Elextrolux was served.  When, as here, there are multiple defendants, the general rule is that all defendants in an action in state court must join in the petition for removal or consent to removal.  *See Lewis v. Rego*, 757 F.2d 66, 68 (3d Cir. 1985) (noting that an exception to this rule exists when a defendant is served after removal has been effected).  Here, both Defendants have joined in the same petition for removal, but when multiple defendants are served at different times, courts are split on the question of when the time for removal is triggered.  The Fifth Circuit follows the first-served rule, in which the time period for removal is triggered when the first defendant is served.  *E.g.*, *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).  A related "intermediate rule" exists in the Fourth Circuit, by which "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *McKinney v. Bd. of Trustees*, 955 F.2d 924, 928 (4th Cir. 1992).  As the first-served Defendant in this case, Lowe's, was served on June 29, 2007, and did not file a notice of removal within thirty (30) days of service, neither the first-served nor the intermediate rule would allow removal by Elextrolux.

The Sixth and Eighth Circuit Courts of Appeals have adopted the last-served rule, in which even the last-served defendant may remove within thirty (30) days of service, and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired.  *E.g.*, *Marano Enters. v. Z-Teca Restaurants, Inc.*,

254 F.3d 753, 757 (8th Cir. 2001); *Brierly v. Alusisse Flexible Packaging, Inc.*, 184 F.3d

527 (6th Cir. 1999), *cert. denied,* 528 U.S. 1076 (2000).  The Eighth Circuit Court of

Appeals, though it found that both the first-served and last-served rules "are susceptible

to abuse and have potential to create inequities," adopted the last-served rule because it

was, in the court's view, most in keeping with the Supreme Court's *Murphy Brothers*

decision, which emphasized that "service of process is fundamental to any procedural

imposition on a named defendant."  *Murphy Bros.*, 526 U.S. at 350; *See Marano*, 254

F.3d  at 756-57.  The court stated that the rule of unanimity was unaffected by its

decision, as the defendants seeking removal still needed the consent of all defendants in

order to do so.  *Id.* 757 n.6.

Neither the Third Circuit Court of Appeals or the Supreme Court have addressed

this issue.  *See Epstein, D.P.M., v. Sensory Mgmt Servs., LLC.*, No. 07-2113, 2007 WL

2702646 at *1 (D.N.J. Sept. 12, 2007).  Within this Circuit, a court in the District of New

Jersey recently concluded that the intermediate rule was the appropriate one to apply, as

"it is both fair to the later-served defendant and less prejudicial to the plaintiffs - without

giving the earlier-served defendants an undeserved second bite at the apple." *Epstein*,

2007 WL 2702646, at *2.  But in a 2001 opinion, a district court in the District of New

Jersey held that "[i]n light of the Supreme Court's holding in *Murphy Brothers*, ... it is

counter-intuitive to maintain a 'first-served defendant' rule when the Supreme Court

would not – consistent with *Murphy Brothers* – begin to run a later-served defendant's

time to seek removal until that defendant received proper service of process."  *Orlick v.

J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337 (D.N.J. 2001).  Another court in that district

embraced the *Orlick* decision in 2006.  *Nittoli v. Morris County Bd. of Chosen Freeholders*, No. 05-4007 (JAG), 2006 WL 1307694, at *3 (D.N.J. May 9, 2006).

Further, Judge Vanaskie of the Middle District of Pennsylvania has also concluded, like the Eighth Circuit Court of Appeals did, that the "'later-served defendant' rule appears to be a necessary corollary to the Supreme Court's recent decision in *Murphy Brothers*."  *Shadie v. Aventis Pasteur, Inc.*, 254 F. Supp. 2d 509, 515 (M.D. Pa. 2003).  I join with Judge Vanaskie and the Eighth Circuit Court of Appeals in applying the later-served defendant rule.  Therefore, and because Defendant Lowe's joining in the notice of removal evidences consent to remove, I will deny Plaintiffs' motion to remand as to Defendant Electrolux's notice of removal.

## CONCLUSION

Because service was not effective upon Defendant Electrolux until August 7, 2007, it did timely remove under 28 U.S.C. § 1446(b).  Because Defendant Lowe's, although it did not timely remove, has consented to removal, I will deny Plaintiff's motion for remand. Plaintiffs' request for counsel fees will be denied.

An appropriate order follows.


 November 2, 2007                                      /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DOMICELLA CMIECH and
PETER CMIECH, h/w,

     Plaintiffs,

        v.

ELECTROLUX HOME PRODUCTS,
INC., ELECTROLUX NEW PRODUCTS
OF NORTH AMERICA, INC.,
ELECTROLUS, LOWE'S HOME
CENTERS, INC., and LOWE'S,

     Defendants.

CIVIL ACTION No. 3:07-CV-1495

(JUDGE CAPUTO)

<u>**ORDER**</u>

    Now, this  <u>2nd</u>  day of November, 2007, it is **HEREBY ORDERED** that:

(1)    Plaintiffs' Motion to Remand is **DENIED**.

(2)    Plaintiff's request for attorneys' fees and costs is **DENIED**.

                           /s/ A. Richard Caputo
                           A. Richard Caputo
                           United States District Judge