# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMICELLA CMIECH and PETER CMIECH, h/w<br>and<br>ALLSTATE INSURANCE COMPANY<br>    Plaintiffs,<br>        v.<br>ELECTROLUX HOME PRODUCTS, INC.,<br>ELECTROLUX NEW PRODUCTS OF NORTH AMERICA, INC., LOWE'S HOME CENTERS, INC., and LOWE'S,<br><br>    Defendants. | CIVIL ACTION NO. 3:07-CV-1495<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendants' Motion for Partial Summary Judgment (Doc. 57). For the reasons provided below, Defendants' motion will be denied. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332.

## BACKGROUND

Plaintiffs Domicella Cmiech [hereinafter Mrs. Cmiech] and Peter Cmiech [hereinafter Mr. Cmiech], residents of Pennsylvania, brought this personal injury suit against Defendant Electrolux Home Products, Inc. [hereinafter Elextrolux], a Delaware corporation with a principal place of business in Georgia, and Defendant Lowe's Home Centers, Inc. [hereinafter Lowe's], a North Carolina Corporation with a principal place of business in North Carolina, in the Court of Common Pleas of Luzerne County on June 18, 2007. Defendants filed notice of removal on August 14, 2007. (Doc. 1.) Plaintiffs then filed a motion for remand, which this Court denied in a Memorandum and Order dated

November 11, 2007. (Doc. 16.)

Plaintiffs filed an amended complaint on Nov. 24, 2008, adding Allstate Insurance Company as a plaintiff; Allstate sought seven thousand five hundred seven dollars and eight cents ($7,507.08) paid by Allstate under Mr. Cmiech's homeowner's insurance policy, as a subrogee of Peter Cmiech. (Doc. 38, ¶ 41.) In their Complaint, Plaintiffs allege that, on September 16, 2005, they purchased a Frigidaire stove that had been placed in the stream of commerce by Defendant Electrolux at a Lowe's Store in Wilkes-Barre, Pennsylvania. (Doc. 38, ¶¶ 21-24.) That day, Plaintiffs transported the stove to their home and installed the stove. (*Id.* at ¶¶ 27-32.) The following day, Plaintiffs allege that the stove suddenly exploded due to a fuel leak from a defect in the stove, causing serious injuries to Mrs. Cmiech, including second and third degree burns on approximately fourteen and one half percent (14.5%) of her body, requiring hospitalization and surgical intervention, causing pain and suffering and other economic and financial damages. (*Id.* at ¶¶ 33-40.) Mrs. Cmiech brought claims for strict liability, negligence and breach of warranty, and Mr. Cmiech claimed loss of consortium as a result of the explosion.

According to Plaintiffs' depositions, Mr. and Mrs. Cmiech separated in April 2007, when Mrs. Cmiech moved out of the home they shared. (Peter Cmiech Dep. 8:19-11:17, Feb. 8, 2009; Domicella Cmiech Dep. 70:16-76:5, Feb. 20, 2009.) At the time of the depositions, divorce proceedings were pending. (Peter Cmiech Dep. 11:18-12:8; Domicella Cmiech Dep. 10:20-24; Doc. 38, Ex. D.)

On August 10, 2009, Defendants filed a motion for partial summary judgment, requesting that the court grant summary judgment for the Defendants on Mr. Cmiech's

loss of consortium claims. (Doc. 57.) Defendants argued that, as a result of Mr. and Mrs. Cmiech's separation, Mr. Cmiech was no longer entitled to damages for his loss of society, companionship and consortium. (Doc. 57.) Defendants also filed a brief in support of their motion for partial summary judgment. (Doc. 58.)  Plaintiffs then filed its brief in opposition to Defendants' motion on August 25, 2009. (Doc. 60.) Defendants did not file a reply; thus, the current motion has been thoroughly briefed and is now ripe for disposition.

**LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

3

Defendants move for partial summary judgment, arguing that there exists no genuine issue of material fact regarding the Plaintiffs' April 2007 separation and, therefore, Defendants are entitled to judgment as a matter of law on Mr. Cmiech's claims for loss of consortium.

**I.     The *Erie* Doctrine**

This Court has jurisdiction over this case through diversity of citizenship between the parties, and therefore must decide whether to apply federal law or state law. Under *Erie v. Tompkins*, a federal court sitting in diversity must apply state substantive law and federal procedural law. 304 U.S. 64, 78 (1938). "This substantive/procedural dichotomy of the 'Erie rule' must be applied with the objective that 'in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court [will] be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.'" *Chamberlain v. Giampapa*, 210 F.3d 154, 158-59 (3d Cir. 2000) (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945)). The rationale behind applying a state rule which will or may affect the outcome is intended to satisfy the twin aims of *Erie*: to discourage forum shopping and avoid inequitable administration of the laws.

Undoubtedly, the loss of consortium claims that are at issue in the instant motion are matters of substantive state law. *See, e.g., Schroeder v. Boeing Commercial Airplane Co.*, 712 F. Supp. 39, 40 (D.N.J. 1989) (applying New Jersey loss of consortium law in diversity of citizenship case). Consequently, the Court will apply Pennsylvania law in

4

deciding whether Mr. Cmiech's loss of consortium claim is barred as a result of his separation from his wife.

## II. Loss of Consortium

The Pennsylvania Supreme Court has never considered whether the separation of a husband and wife after the wife sustains injuries bars the husband's loss of consortium claims arising out of the wife's personal injuries. The only Pennsylvania case that is on point is *Damiano v. Andre*, Pa. D & C.3d 531 (Phila. Cty. 1981). In the absence of direct Pennsylvania Supreme Court precedent, we must predict how that court would decide this issue. *Polselli v. Nationwide Mut. Fire Ins. Co.*, 126 F.3d 524, 528 n.3 (3d Cir. 1997) (citing *Winterberg v. Transportation Ins. Co.*, 72 F.3d 318, 321-22 (3d Cir. 1995)).

In Pennsylvania, damages for loss of consortium include the "loss of the company, society, cooperation, affection and aid of a spouse in every conjugal relation." *Pahle v. Colebrookdale Twp.*, 227 F. Supp.2d 361, 374-75 (E.D. Pa. 2002) (citations omitted). Several Pennsylvania cases have held that damages for loss of consortium have no market value and that the amount of the award is left to the sound discretion of the fact finder. *See Tindall v. Friedman*, 970 A.2d 1159, 1177 (Pa. Super. Ct. 2009); *see also Urmann v. Rockwood Cas. Ins. Co.*, 905 A.2d 513, 518 (Pa. Super. Ct. 2006); *Mendralla v. Weaver Corp.*, 703 A.2d 480, 487 n.4 (Pa. Super. Ct. 1997); *Nudelman v. Gilbride*, 647 A.2d 233, 239 (Pa. Super. Ct. 1994).

Many other courts have held that the dissolution of a marriage marks the end of the compensable period for loss of consortium, but does not bar recovery completely. *See Sexton v. United States*, 797 F. Supp. 1292, 1305 (E.D.N.C. 1991) (finding that

5

North Carolina would allow damages for loss of consortium where divorce occurred after injury, but divorce would limit damages); *Richardson v. Volkswagenwerk*, 552 F. Supp. 73, 87-88 (D. Mo. 1982) (holding that no loss of consortium damages can accrue after dissolution, but allowing damages for period between injury and dissolution); *see also Togstad v. Vesely, Otto, Miller & Keefe,* 291 N.W.2d 686, 695 (Minn. 1980) (upholding thirty-nine thousand dollars ($39,000) in damages for loss of consortium where wife divorced husband three years after husband's injuries); *Prill v. Hampton*, 453 N.W.2d 909, 914 (Wis. Ct. App. 1990).

In *Damiano*, the plaintiff-wife was injured due to malpractice during a subocipital craniectomy, causing paralysis of her right side, loss of coordination and facial palsy. 29 Pa. D. & C.3d at 531-32. Plaintiff-wife and her husband sued for medical expenses and loss of consortium, but husband separated from his wife almost one year later, and only two and a half years after the plaintiff-wife sustained injury. *Id.* at 532. The defendant later proffered a settlement equal to its insurance policy limits, but the husband refused to release his interest in the settlement, which the defendant would not finalize unless both plaintiffs joined the release. *Id.* The Philadelphia County Court of Common Pleas invoked its equitable powers and ruled that the husband's claim for past damages was *de minimis* and speculative because he had not incurred medical expenses and had not contributed to his wife's support after the separation, relying on a case from 1925 that held that a husband forfeits all rights to damages based on his wife's injuries when he has abandoned her. *Id.* at 532-33 (citing *Loughery v. Pa. R. Co.*, 131 A. 260, 262 (1925)). The court held that it was, therefore, equitably required to approve the plaintiff-wife's

petition to distribute the settlement proceeds without the husband's joinder and defendant's petition for release. *Id.* at 534.

This Court predicts that the Pennsylvania Supreme Court would hold that a divorce or separation that occurs after the injury to one spouse would only serve to limit the compensable damages available for loss of consortium claims, not bar such claims altogether. First, *Damiano* did not hold that the husband had no claim for loss of consortium, only that his damages were *de minimis* and limited to past damages. 29 Pa. D. & C.3d at 533. Nothing in the *Damiano* opinion suggests that loss of consortium damages are *de minimis* as a matter of law whenever the period of time between injury and dissolution is approximately two years in length. In fact, such a conclusion would go against the well-settled line of Pennsylvania law that leaves the calculation of loss of consortium damages squarely within the discretion of the trier of fact.

Furthermore, even if *Damiano* stood for the proposition that Defendants suggest, that case is easily factually distinguished from the current suit. *Damiano* was premised on the rule that a husband forfeits his rights to recover for his wife's injuries when he abandons her. 29 Pa. C. & D.3d at 533 (citing *Loughery*, 131 A. at 262). Conversely, Mrs. Cmiech readily admits that she left the marriage, albeit as a result of her husband's regular verbal abuse. (Domicella Cmiech Dep. 10:1, 10:11, 77:16-79:19, 83:19-84:12.) Therefore, the premise on which *Damiano* is based is inapposite to the current suit.

Finally, there exists a bevy of case law from other jurisdictions holding that dissolution or separation does not act as a total bar to recovery for loss of consortium. Instead, the dissolution only serves to cut off the time period for which damages for loss

7

of consortium are recoverable. These too would likely be persuasive in deciding whether post-injury divorce acts as a bar to recovery for loss of consortium claims.

## CONCLUSION

Thus, although there exists no material issue of fact regarding Plaintiffs' separation, Defendants have not proven that they are entitled to judgment as a matter of law on Mr. Cmiech's claims for loss of consortium. Therefore, the Court will deny Defendants' motion for summary judgment on Counts IV and VIII of the Amended Complaint.

An appropriate Order follows.

| September 24, 2009 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMICELLA CMIECH and PETER CMIECH, h/w<br><br>and<br><br>ALLSTATE INSURANCE COMPANY<br><br>    Plaintiffs,<br><br>        v.<br><br>ELECTROLUX HOME PRODUCTS, INC., ELECTROLUX NEW PRODUCTS OF NORTH AMERICA, INC., LOWE'S HOME CENTERS, INC., and LOWE'S,<br><br>    Defendants. | CIVIL ACTION NO. 3:07-CV-1495<br><br><br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this ___24th___ day of September, 2009, **IT IS HEREBY ORDERED** that Defendants' Partial Motion for Summary Judgment (Doc. 57) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge